## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 15 2017, 6:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Julianne L. Fox
Vanderburgh County
Public Defender's Office
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.,
Attorney General of Indiana

Robert J. Henke
James D. Boyer
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In re the Termination of the Parent-Child Relationship of: Co.S., E.S., Cl.S., P.S. and M.S. (minor children)

and

D.S. (Father),

*Appellant-Respondent,*

v.

The Indiana Department of Child Services,

*Appellee-Petitioner*

March 15, 2017

Court of Appeals Case No. 82A01-1609-JT-2111

Appeal from the Vanderburgh Superior Court

The Honorable Renee A. Ferguson, Magistrate

Trial Court Cause Nos.
82D04-1604-JT-682
82D04-1604-JT-683
82D04-1604-JT-684
82D04-1604-JT-685
82D04-1604-JT-686

**Mathias, Judge.**

[1] The Vanderburgh Superior Court terminated D.S.'s ("Father") parental rights to his five minor children, and Father appeals raising two issues: 1) whether the magistrate erred when she denied Father's request for the juvenile court judge to preside over the termination proceedings, and 2) whether sufficient evidence supports the finding that termination of Father's parental rights is in the children's best interests.

[2] The orders terminating Father's parental rights were not approved by the juvenile court judge. We therefore remand this case to the trial court for proceedings consistent with this opinion.

## Facts and Procedural History

[3] Father has five minor children, and one of the children has cerebral palsy and hearing loss. In 2010 and 2012, the children were adjudicated children in need of services ("CHINS"), due at least in part to Father's methamphetamine use. Father participated in substance abuse treatment, and the case files were closed.

[4] In July 2015, the Indiana Department of Child Services ("DCS") received a report that Father was homeless,[1] using methamphetamine and heroin, and had

---

[1] Father is not married to the children's mother, who was also named as a party to the CHINS proceedings. The children's mother voluntarily relinquished her parental rights after the DCS filed the petitions to terminate her parental rights to her five children.

neglected the children's medical care and education. Shortly thereafter, the children were again adjudicated CHINS.

[5] Father did not participate in services as ordered at the dispositional hearing. He failed to participate in a substance abuse evaluation, failed to maintain contact with DCS, failed to obtain housing, failed to enroll in parent education, and failed to attend more than one visit with the children. The DCS filed petitions to terminate Father's parental rights to all five children on April 22, 2016.

[6] On the date of the fact-finding hearing, Father was incarcerated in the Vanderburgh County Jail on charges for auto theft. At the hearing, Father requested that the case be continued so that the juvenile court judge could preside over the hearing in lieu of the magistrate. Father's request was denied. During his testimony, Father admitted that he did not have the current ability to take care of the children.

[7] The children have been placed with either their maternal or paternal grandmother, and the grandmothers arrange visits between the children. The DCS intends for the grandmothers to adopt the children.

[8] The magistrate who presided over the termination hearing issued findings from the bench. Written orders terminating Father's rights to each of the five children were issued thereafter. The orders were signed by the magistrate but were not signed by or approved by the juvenile court judge. Father now appeals.

## Discussion and Decision

[9] The orders terminating Father's parental rights to his five minor children, which were consolidated for the purposes of appeal, were signed by the magistrate who presided over the termination proceedings. The orders were not approved by the juvenile court judge.

[10] The authority of magistrates to act is determined by statute. Pursuant to 33-23-5-5(11), a magistrate may conduct an evidentiary hearing or trial. No statutory provision allows a magistrate to issue a final order in a parental termination of rights proceeding.

[11] Importantly, Indiana Code section 33-23-5-9(a) provides that, except in criminal proceedings, a magistrate "shall report findings" in an evidentiary hearing or trial and that "the court shall enter the final order." *See also In re Adoption of I.B.*, 32 N.E.3d 1164, 1173 n.6 (Ind. 2015). Because the record does not establish judicial approval of the magistrate's findings in this case, we remand to the juvenile court for its consideration of the magistrate's findings and further action consistent with this opinion.

[12] Remanded.

Baker, J., and Pyle, J., concur.